UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF COLUMBIA

Brit UW, Limited,
122 Leadenhall Street, London, EC3V 4AB

Plaintiff,

v.

Manhattan Beachwear, LLC,
10700 Valley View Street
Cypress, CA 90630

Defendant.

Civil Action No. ________

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Brit UW, Limited ("Brit"), by counsel, states and alleges as follows for its Complaint for Declaratory Judgment against Defendant Manhattan Beachwear, LLC ("MBW"):

## THE PARTIES

1. Brit is the sole member of Syndicate 2987 at Lloyd's, London ("Syndicate 2987"), an unincorporated association. Syndicate 2987 subscribes to, and is the lead syndicate on, the Primary Claims Made and Reported Lawyers Professional Liability Insurance Policy number B0621PDIC00212 (the "Policy"). Brit is a foreign business entity incorporated in and with its principal place of business in the United Kingdom.

2. MBW is a limited liability company duly organized under the laws of the State of Delaware, with its principal place of business located at 10700 Valley View Street,

Cypress, California 90630. MBW's members are all solely citizens of California. MBW conducts substantial business within this jurisdiction.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this dispute pursuant to 28 U.S.C. § 1332, 2201, and 2202. There is complete diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs. MBW seeks the full $15 million policy limits of the Policy.

4. The Court has personal jurisdiction over MBW. MBW sells its merchandise nationwide, including sales through numerous merchants and retailers operating in this jurisdiction. Moreover, MBW sells its merchandise worldwide through numerous online merchants who market and sell to consumers in this jurisdiction. MBW also retained a law firm with its home office in this jurisdiction in the underlying action that forms the basis for the present lawsuit.

5. Venue is appropriate in this District by virtue of the provisions of 28 U.S.C. § 1391. The policy of insurance at issue in this matter was issued to a law firm, Dickstein Shapiro LLP, which has its home office in Washington D.C.

## JURY DEMAND

6. Brit demands a jury trial of any factual issues pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## FACTUAL ALLEGATIONS

### A. The Policy

7. Brit provided claims-made-and-reported professional liability insurance to Dickstein Shapiro LLP ("Dickstein Shapiro"), a law firm, under the policy at issue in this action for a Period of Insurance of December 20, 2012 to December 20, 2013 (the "Policy"). A copy of the Policy is attached hereto as Exhibit A.

8. The Policy provides a $15 million limit of liability for each and every "Claim" and in the aggregate, subject to a $1 million deductible for each "Claim," inclusive of "Claim Expenses."

9. The Policy's Insuring Agreement provides:

> To pay on behalf of the Assured, Damages and Claims Expenses which the Assured shall become legally obligated to pay because of any Claim or Claims, including Claim(s) for Personal Injury as hereafter defined first made against the Assured and reported to the Underwriters during the Period of Insurance or Extended Reporting Period, arising out of any act, error or omission of the Assured, or of any person for whose acts, errors or omissions the Assured is legally responsible, in rendering or failing to render professional services for others arising out of the conduct of the Assureds profession as a lawyer, mediator, arbitrator, fiduciary, notary public or lobbyist.

Policy, § I.A.

10. Dickstein Shapiro did not purchase an Extended Reporting Period for the Policy.

11. Section II.(b) of the Policy provides that "Assured" means Dickstein Shapiro and "any lawyers who are partners thereof including any incorporated partners and their shareholders but solely for acts on behalf of [Dickstein Shapiro][.]"

12. Section V.F. of the Policy defines "Claim" as meaning "a demand received by any Assured for money or services including the service of suit or institution or arbitration proceedings against the Assured."

13. Section XI.A. of the Policy (the "Notice Provision"), titled "Notice of Claim, or Circumstance That May Lead to a Claim," provides:

> If during the Period of Insurance any Claim is made against the Assured, the Assured shall as soon as reasonably practicable forward to Underwriters through the persons named in Item 7 of the Declarations, every demand, summons, complaint or other notice of process received by the Assured or their representatives.

14. As relevant for this action, Section IV.(h) of the Policy (the "Prior Knowledge Exclusion") precludes coverage for "Damages" and "Claims Expenses" with respect to "any Claim arising out of any acts, errors or omissions which took place prior to the effective date of this Insurance, if any Assured on the effective date knew or could have reasonably foreseen that such acts, errors or omissions might be expected to be the basis of a Claim."

15. As relevant for this action, Section IV.(k) of the Policy (the "Prior Notice Exclusion") precludes coverage for "Damages" and "Claims Expenses" with respect to "any Claim or circumstance which might lead to a Claim in respect of which any Assured has given notice to the insurer of any other policy in force previous to the effective date of this Policy."

## B. The Indonesia Insurance Matter and Lloyd's Declaratory Relief Action

16. In January 2008, MBW retained Clyde Hettrick of Dickstein Shapiro to represent MBW in a coverage dispute against several insurers relating to a loss suffered by MBW in Indonesia (the "Indonesia Insurance Matter").

17. As part of that representation, on February 26, 2008, Hettrick submitted a "claim package" on behalf of MBW to Certain Underwriters at Lloyd's, London ("Lloyd's") for coverage under two first-party insurance policies Lloyd's issued to MBW which covered the 2006-2008 time period. The "claim package" claimed a total overall loss to MBW of $11,459.421 in connection with the Indonesia Insurance Matter.

18. On June 1, 2008, while still representing MBW, Hettrick left Dickstein Shapiro to begin a new law firm, Hettrick Law, P.C. Hettrick, however, retained MBW as a client and continued to represent MBW in the Indonesia Insurance Matter.

19. On January 29, 2009, Lloyd's filed a Declaratory Judgment Action against MBW through which Lloyd's sought a declaration that its policy of insurance did not provide coverage for the Indonesia Insurance Matter (the "Lloyd's Declaratory Judgment Action"). Hettrick defended MBW in the Lloyd's Declaratory Judgment Action as part of his representation of MBW in the Indonesia Insurance Matter.

20. On July 8, 2009, Lloyd's formally denied coverage for the Indonesia Insurance Matter.

21. On June 10, 2011, Hettrick was fired by MBW and replaced as counsel in connection with the Indonesia Insurance Matter, including as defense counsel in the Lloyd's Declaratory Judgment Action, by Dickstein Shapiro – Hettrick's former firm.

22. In August 2012, Lloyd's was granted summary judgment in the Lloyd's Declaratory Judgment Action, as reflected in the court's order, based, at least in part, on a finding that: (1) the loss at issue was caused by a customs seizure, and such a loss was explicitly excluded from coverage; and (2) MBW failed to provide Lloyd's with critical information in May and June 2007 – more than six months before Hettrick was retained by MBW – and this failure entitled Lloyd's to a finding of no coverage.

23. In late 2012, MBW and Lloyd's settled the Lloyd's Declaratory Judgment Action.

## C. The Malpractice Claim and Hettrick's Death

24. On July 13, 2012, while the Lloyd's Declaratory Judgment Action was still pending, MBW and Hettrick entered into a tolling agreement (the "Tolling Agreement") relating to Hettrick's claim for unpaid fees in connection with the Indonesia Insurance Action and the Lloyd's Declaratory Judgment Action, as well as MBW's claim that Hettrick committed legal malpractice in connection with Hettrick's work for MBW. A copy of the Tolling Agreement is attached hereto as Exhibit B.

25. On information and belief, prior to the execution of the Tolling Agreement, MBW issued demands for money and/or services to Hettrick relating to his alleged malpractice in connection with his representation of MBW.

26. Sometime prior to June 1, 2011, Hettrick notified Hanover Insurance Group ("Hanover"), Hettrick Law, P.C.'s legal malpractice carrier, of MBW's malpractice Claim against him in connection with the Indonesia Insurance Matter and the Lloyd's Declaratory Judgment Action.

27. By its terms, the Tolling Agreement was effective from June 13, 2012 to December 15, 2012.

28. On December 14, 2012, MBW filed the underlying legal malpractice action in Los Angeles Superior Court captioned *Manhattan Beachwear, LLC v. Hettrick Law, P.C., a California professional corporation, Clyde Hettrick, an individual, and Does 1-20, inclusive* (Case No. BC497520) (the "Underlying Action"). The Complaint in the Underlying Action is attached hereto as Exhibit C. In the Underlying Action, MBW alleged that Hettrick committed legal malpractice in connection with his handling of the Indonesia Insurance Matter, including his defense of the Lloyd's Declaratory Judgment Action.

29. On information and belief, Hettrick received a copy of the Complaint in the Underlying Action prior to the inception of the Policy on December 20, 2012.

30. Brit was not provided with notice of the Underlying Action until May 14, 2013 – approximately five months after Underlying Action was filed.

31. Brit denied coverage under the Policy for the Underlying Action.

32. On October 15, 2013, Hettrick died as a result of a surfing accident.

33. Hanover defended Hettrick's estate and Hettrick Law, P.C. against the Underlying Action until April 23, 2015, when Hettrick and Hettrick Law, P.C. settled the Underlying Action with MBW (the "Settlement Agreement"). A copy of the Settlement Agreement is attached hereto as Exhibit D. As part of the Settlement Agreement, Hettrick's estate allowed the case against it to proceed to an uncontested trial, and assigned all of

Hettrick's rights against Brit to MBW in exchange for a covenant not to execute on the ultimate judgment MBW received against Hettrick and Hettrick Law, P.C.

34. On June 3, 2015, an uncontested trial was conducted in the Underlying Action, and MBW received a judgment in the amount of $63,888,486.49, plus costs, against Hettrick's estate.

35. On information and belief, MBW's judgment in the Underlying Action was obtained through fraud and/or collusion between MBW and Hettrick's estate.

**COUNT I**

**DECLARATORY JUDGMENT – CLAIM FIRST MADE PRIOR TO THE PERIOD OF INSURANCE**

36. Brit repeats and incorporates by reference the allegations in paragraphs 1 through 35 of this Complaint.

37. Pursuant to Section I.A of the Policy, the Policy provides coverage only for "Claims," "first made against the Assured and reported to the Underwriters during the Period of Insurance or Extended Reporting Period…." Pursuant to this provision, the Policy does not provide coverage for "Claims" first made against an Assured prior to December 20, 2012.

38. As discussed in more detail above, MBW's "Claim" against Hettrick for alleged malpractice relating to the Indonesia Insurance Matter and the Lloyd's Declaratory Relief Action was first made against Hettrick prior to December 20, 2012. Accordingly, MBW's "Claim" against Hettrick does not satisfy the Policy's Insuring Agreement.

39. On information and belief, MBW disputes Brit's position that its "Claim" against Hettrick was first made prior to December 20, 2012, and MBW plans to file an action against Brit for coverage under the Policy based on the assignment MBW received from Hettrick as part of the Settlement Agreement.

40. An actual and justiciable controversy exists between Brit and MBW regarding whether MBW's "Claim" against Hettrick was first made prior to December 20, 2012.

41. A judicial declaration is necessary to resolve this controversy.

## COUNT 2

## DECLARATORY JUDGMENT – PRIOR NOTICE

42. Brit repeats and incorporates by reference the allegations in paragraphs 1 through 41 of this Complaint.

43. The Prior Notice Exclusion eliminates coverage under the Policy for "any Claim or circumstance which might lead to a Claim in respect of which any Assured has given notice to the insurer of any other policy in force previous to the effective date of this Policy."

44. As discussed above, Hettrick provided notice to Hanover of MBW's "Claim" or circumstance against him at least as early as June 1, 2011 – more than 18 months prior to the inception of the Policy. Accordingly, coverage is excluded under the Policy pursuant to the Prior Notice Exclusion.

45. On information and belief, MBW disputes Brit's position in connection with the Prior Notice Exclusion, and MBW plans to file an action against Brit for coverage under

the Policy based on the assignment MBW received from Hettrick as part of the Settlement Agreement.

46. An actual and justiciable controversy exists between Brit and MBW regarding the application of the Prior Notice Exclusion.

47. A judicial declaration is necessary to resolve this controversy.

**COUNT 3**

**DECLARATORY JUDGMENT – PRIOR KNOWLEDGE**

48. Brit repeats and incorporates by reference the allegations in paragraphs 1 through 47 of this Complaint.

49. The Prior Knowledge Exclusion precludes coverage under the Policy for "Damages" and "Claims Expenses" with respect to "any Claim arising out of any acts, errors or omissions which took place prior to the effective date of this Insurance, if any Assured on the effective date knew or could have reasonably foreseen that such acts, errors or omissions might be expected to be the basis of a Claim."

50. As discussed in more detail above, if a Claim had not already been made against him prior to December 20, 2012, at a minimum, Hettrick knew or could have reasonably foreseen prior to December 20, 2012 that, based on his alleged acts, errors and omissions in representing MBW in connection with the Indonesia Insurance Matter and the Lloyd's Declaratory Relief Action, a "Claim" might be brought against him by MBW. Accordingly, coverage for MBW's "Claim" against Hettrick would be precluded under the Policy pursuant to the Prior Knowledge Exclusion.

51. On information and belief, MBW disputes Brit's position in connection with the Prior Knowledge Exclusion, and MBW plans to file an action against Brit for coverage under the Policy based on the assignment MBW received from Hettrick as part of the Settlement Agreement.

52. An actual and justiciable controversy exists between Brit and MBW regarding the application of the Prior Knowledge Exclusion.

53. A judicial declaration is necessary to resolve this controversy.

## COUNT 4

## DECLARATORY JUDGMENT – LATE NOTICE

54. Brit repeats and incorporates by reference the allegations in paragraphs 1 through 53 of this Complaint.

55. The Notice Provision of the Policy requires that an Assured seeking coverage under the Policy provide notice to Brit "as soon as reasonably practicable…" of all "Claims" made against the Assured.

56. Brit did not receive notice of MBW's "Claim" against Hettrick until May 14, 2013 – five months after the filing of the Underlying Action and a year or more after MBW first made its "Claim" against Hettrick. This late notice precludes coverage under the Policy pursuant to the Policy's Notice Provision.

57. On information and belief, MBW disputes Brit's position regarding the late notice provided to Brit of MBW's claim against Hettrick, and MBW plans to file an action against Brit for coverage under the Policy based on the assignment MBW received from Hettrick as part of the Settlement Agreement.

58. An actual and justiciable controversy exists between Brit and MBW regarding whether Brit received proper notice under the Policy of MBW's "Claim" against Hettrick.

59. A judicial declaration is necessary to resolve this controversy.

**COUNT 5**

**DECLARATORY JUDGMENT – JUDGMENT OBTAINED THROUGH FRAUD OR COLLUSION**

60. Brit repeats and incorporates by reference the allegations in paragraphs 1 through 59 of this Complaint.

61. MBW's Complaint alleged damages of approximately $11,000,000. *See* Exhibit C, ¶ 17.

62. On information and belief, the full value of MBW's claim against Hettrick – discounting all liability and damages defenses – was only a small fraction of the $63,888,486.49 judgment MBW obtained in the Underlying Action.

63. On information and belief, MBW obtained its $63,888,486.49 judgment in the Underlying Action through fraud and/or collusion with the Hettrick estate and/or Hanover.

64. Brit's denial of coverage under the Policy for the Underlying Action was neither the "but for" or proximate cause of the judgment in the Underlying Action.

65. Brit is not liable for the judgment obtained by MBW in the Underlying Action.

66. On information and belief, MBW disputes Brit's position regarding Brit's liability for the judgment obtained in the Underlying Action, and MBW plans to file an action

against Brit based on the assignment MBW received from Hettrick as part of the Settlement Agreement.

67. An actual and justiciable controversy exists between Brit and MBW regarding Brit's liability for the judgment in the Underlying Action.

68. A judicial declaration is necessary to resolve this controversy.

## PRAYER FOR RELIEF

**FOR ALL OF THE ABOVE REASONS**, Brit prays for relief and judgment as follows:

A. A judicial declaration that MBW's "Claim" against Hettrick is not covered by the Policy because that "Claim" was not first made during the Period of Insurance;

B. A judicial declaration that MBW's "Claim" against Hettrick is not covered by the Policy by virtue of the Policy's Notice Provision;

C. A judicial declaration that MBW's "Claim" against Hettrick is not covered by the Policy by virtue of the Prior Knowledge Exclusion;

D. A judicial declaration that MBW's "Claim" against Hettrick is not covered by the Policy by virtue of the Prior Notice Exclusion;

E. A judicial declaration that Brit is not liable for the judgment obtained in the Underlying Action because that judgment was obtained through fraud and/or collusion between MBW and the Hettrick estate;

F. For Brit's costs of suit incurred in this action; and

G. Such other relief as this Court deems just and proper.

Respectfully submitted,

By______________________

Thomas S. Hay, D.C. Bar No. 999895
TROUTMAN SANDERS LLP
401 9th Street, N.W.
Suite 1000
Washington, D.C. 20004
202.274.2916 (telephone)
202.654.5609 (facsimile)
thomas.hay@troutmansanders.com

*Counsel for Plaintiff Brit UW Limited*

Of Counsel:

Kevin F. Kieffer (*Pro Hac Vice* application pending)
William D. Burger, Jr. (*Pro Hac Vice* application pending)
TROUTMAN SANDERS LLP
5 Park Plaza, Suite 1400
Irvine, CA 92614-2545
Tel: (949) 622-2700
Fax: (949) 622-2739
kevin.kieffer@troutmansanders.com
william.burger@troutmansanders.com